Douglas A. Stunkel
79106 hwy 183
Ansley NE, 68814

# United State District Court for the District of Nebraska

| | |
|---|---|
| **Douglas A. Stunkel**, *pro se*<br>Petitioner<br><br>vs.<br><br>Judge Karin Noakes<br>Respondent. 1<br><br>JASON S. WHITE<br>Respondent. 2<br><br>CUSTER COUNTY NEBRASKA Sheriff, Daniel Osmond<br>Respondent. 3 | Case No. 4:22CV3114<br><br>Time is of the essence<br>PETITION FOR WRIT OF PROHIBITION<br><br>**Lower Court Cases # CI 19-116 / CI 21-120** DISTRICT COURT OF CUSTER COUNTY NEBRASKA |

**COMES NOW** the Petitioner, **Douglas A. Stunkel**, who seeks a petition for a Writ of Prohibition and in support thereof states the following:

## PARTIES

1. The petitioner is a Citizen of Nebraska and lives in CUSTER County, Nebraska. Petitioner is a *pro se* litigant and is not trained in the art of law. Petitioner is a taxpayer who owns and operates a mechanical repair, fabrication and assembly business.

2. The respondent is District Court Judge Karin L. Noakes, District Court Judge of Custer County Nebraska.

3. Respondent 2 is JASON S. WHITE, attorney (BAR number 19391) representing Custer Federal State Bank in Case No. CI 19-116, a related case to this matter described above.

4. Respondent 3 is CUSTER County Sheriff, Daniel Osmond

## STATEMENT OF FACTS

5. Respondent 2, Jason S. White, in replevin filed on 30th Day of August 2019 in Case No. CI 19-116 in the CUSTER COUNTY NEBRASKA DISTRICT COURT was not authenticated with a Competent fact witness with firsthand knowledge.

6. Respondent 2, Jason S. White, purported to file an affidavit in support of replevin which is not an affidavit, was not made with first and knowledge and an attorney cannot testify. See UNITED STATES v. LOVASCO (06/09/77) 431 U.S. 783, 97 S. Ct. 2044, 52 L. Ed. 2d 752.

7. Statements of counsel in brief or in argument are not sufficient for motion to dismiss or for summary judgment, Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647.

## MEMORANDUM ON ATTORNEYS CANNOT TESTIFY

**"Attorneys can't testify. Statements of counsel in brief or in oral argument are not facts before the court."** This finding of a continuing investigation, which forms the foundation of the majority opinion, comes from *statements* of *counsel* made during the appellate process. As we have said of other un-sworn statements which were not part of the record and therefore could not have been considered by the trial court: "Manifestly, [such statements] cannot be properly considered by us in the disposition of [a] case." UNITED STATES v. LOVASCO (06/09/77) 431 U.S. 783, 97 S. Ct. 2044, 52 L. Ed. 2d 752. Under no possible view, however, of the findings we are considering can they be held to constitute a compliance with the statute, since they merely embody conflicting *statements* of *counsel* concerning the facts as they suppose them to be and their appreciation of the law which they deem applicable, there being, therefore, no attempt whatever to state the ultimate facts by a consideration of which we would be able to conclude whether or not the judgment was warranted. GONZALES v. BUIST. (04/01/12) 224 U.S. 126, 56 L. Ed. 693, 32 S. Ct. 463. No instruction was asked, but, as we have said, the judge told the jury that they were to regard only the evidence admitted by him, not *statements* of *counsel*, HOLT v. UNITED STATES. (10/31/10) 218 U.S. 245, 54 L. Ed. 1021, 31 S. Ct. 2. Care has been taken, however, in summoning witnesses to testify, to call no man whose character or whose word could be successfully impeached by any methods known to the law. And it is remarkable, we submit, that in a case of this magnitude, with every means and resource at their command, the complainants, after years of effort and search in near and in the most remote paths, and in every collateral by-way, now rest the charges of conspiracy and of gullibility against these witnesses, only upon the bare *statements* of *counsel*. The lives of all the witnesses are clean, their characters for truth and veracity un-assailed, and the evidence of any attempt to influence the memory or the impressions of any man called, cannot be successfully pointed out

in this record. TELEPHONE CASES. DOLBEAR v. AMERICAN BELL TELEPHONE COMPANY. MOLECULAR TELEPHONE COMPANY V. AMERICAN BELL TELEPHONE COMPANY. AMERICAN BELL TELEPHONE COMPANY V. MOLECULAR TELEPHONE COMPANY. CLAY COMMERCIAL TELEPHONE COMPANY V. AMERICAN BELL TELEPHONE COMPANY. PEOPLE'S TELEPHONE COMPANY V. AMERICAN BELL TELEPHONE COMPANY. OVERLAND TELEPHONE COMPANY V. AMERICAN BELL TELEPHONE COMPANY. (PART TWO THREE) (03/19/88) 126 U.S. 1, 31 L. Ed. 863, 8 S. Ct. 778. Statements of counsel in brief or in argument are not sufficient for motion to dismiss or for summary judgment, *Trinsey v. Pagliaro,* D.C. Pa. 1964, 229 F. Supp. 647. Factual statements or documents appearing only in briefs shall not be deemed to be a part of the record in the case, unless specifically permitted by the Court - Oklahoma Court Rules and Procedure, Federal local rule 7.1(h).

8.  The **DISTRICT COURT OF CUSTER COUNTY NEBRASKA** Judge, Karin L. Noakes has not answered petitioner's constitutional notice of constitutional questions 1 and 2:

    Question 1. Are the laws the defendant is accused of offending enacted by constitutionally qualified persons?

    Question 2. Is it constitutional to require the lawyers acting for the defense, prosecution, or adjudication in a criminal case or a civil case proceeding in this state of the United States to execute the oath in "An Act to regulate the Time and Manner of Administering certain Oaths" required of all United States or the several States executive and judicial officers, and legislators and for them to have a record or certificate that they have taken the oath of office as proof before they proceed to execute the duties of their respective offices?

9.  During a recorded court hearing, Petitioner asked District Court Judge Karin L. Noakes three times whether she had a certificate of oath of office as per United States Statutes at Large": as 1 Stat. 23; Judge Karin Noakes ignored Petitioner's thrice repeated questions and by her silence, refused to answer. She refused to produce her written and signed oath of office.

10. "An Act to regulate the time and manner of administering certain Oaths" is incorporated into the **"United States Statutes at Large": as 1 Stat. 23;** the same being the first law passed by the United States Congress after the ratification of the Constitution of the United States; and in which is mandated:

    *That the oath or affirmation required by the **Sixth Article of the Constitution of the United States**, shall be administered in the form following, to wit:" I, A. B., Do solemnly swear or affirm (as the case may be) that I will support the Constitution of the United States.'*

PETITION FOR WRIT OF PROHIBITION - Page 3 of 7

*...And the members of the several State Legislatures, and the executive and Judicial officers of the several states, who shall be chosen or appointed after the said first day of August, shall, before they proceed to execute the duties of their respective officers'*

*.... 'And the person or person so administering the oath hereby required to be taken, shall cause a record or certificate thereof to be made'*

11. There was fraud upon the court because JASON S. WHITE (Respondent 2 ) put in an affidavit in to the court stating he was a witness in the case when he should have known he was not a witness.

12. JASON S. WHITE misled the court and the court relied on those facts to issue the orders.

13. Fraud upon the court is a misleading statement, however, JASON S. WHITE doesn't even need to know it was misleading to be fraud upon the court.

14. Respondent 1, Judge Karin L. Noakes has signed an order that she will issue a warrant for the arrest of Petitioner, Douglas A. Stunkel if he does not report for a negotiated jail term for contempt of her order Case No. 21-120) to not trespass on property partially owned by him (25%). In doing this, she has violated his rights to due process in restricting him from his own property. Judge Karin Noakes is attempting to contract with Petitioner Douglas Alan Stunkel and dupe/coerce/intimidate him into accepting a jail term when he has not been charged with or convicted of a crime.

15. Respondent 1, Judge Karin L. Noakes and Respondent 3, Custer County Nebraska Sheriff, Daniel Osmond, have. with Custer Federal State Bank (Case No. 19-116), assisted in taking possession 3 and selling equipment that was partially owned by Douglas Alan Stunkel via 542, INC., a corporate entity that to the best recollection of Petitioner was incorporated in 2007, but does not have a corporate charter and only had corporate meetings after Case No. CI 19-116 was filed. The apparent objective of any

meetings were to nullify and disregard any property rights petitioner had to his 25% share of 542, INC.

## STATEMENT OF RELATED CASES

The undersigned certifies that as to date there are two related cases, Case No. CI 19-116 and Case No. CI 21-120, both filed in the District Court of Custer County Nebraska

.

## JURISDICTIONAL STATEMENT

The United States district court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C § 1333 and §1332 because the action involves a federal Question, and because the parties are diverse and the matter in controversy exceeds $75,000.00.

The United States District Court has jurisdiction over the subject matter 28 U.S.C §2241 Power to Grant Writ.

## STATEMENTS OF ISSUE

Respondent 1, Judge Karin Noakes,  Respondent 2, JASON S. WHITE, Respondent 3, Custer County Sheriff, Daniel Osmond, (hereinafter Respondents) have violated the due process rights of the petitioner.

They have violated the due process rights of the petitioner by not answering the constitutional questions.

The court lacked subject matter jurisdiction.

JASON S. WHITE respondent 2, put forth false misleading papers to the court committing fraud on the court.

Respondent 1, Karin L. Noakes, on the court record, refused to produce her oath of office despite being asked to, on the court record, three times by the petitioner

Respondent 1, Karin L. Noakes refused to answer two constitutional questions concerning oaths of office taken and recorded in the manner of and required by 1 Stat 23.

## CONCLUSION AND PETITION

That Respondent 1, Karin L. Noakes and Respondent 3, Custer County Nebraska Sheriff Daniel Osmond be prohibited from moving forward for the violations of due process rights of the petitioner.

That Respondent Custer County Nebraska Sheriff, Daniel Osmond will be prohibited from arresting **Douglas A. Stunkel for being on the property that 542, INC., a Nebraska Corporation owns and that is owned (25% share) by Douglas A. Stunkel.**

That Respondent 3, Custer County Nebraska Sheriff, Daniel Osmond will be prohibited from assisting in any manner with the replevin actions of Custer Federal State Bank to take possession of, sell or otherwise dispose of any property belonging to 542, INC and to Douglas A. Stunkel through his partial ownership of 542, INC.

Wherefore I, **Douglas A. Stunkel moves the court for an order granting petitioner a writ of prohibition:**

1. That Respondent.1 & Respondent. 3 be prohibited from moving forward for the violations of due prosses rights of the petitioner.

2. That the Custer County sheriff will be prohibited from arresting **Douglas A. Stunkel for being on the property of 542, INC., a Nebraska Corporation ON JULY 1, 2022OR ANY DAY AFTER THAT.**

**Douglas A. Stunkel**
79106 hwy 183
Ansley NE, 68814

PETITION FOR WRIT OF PROHIBITION - Page 6 of 7

I, **Douglas A. Stunkel** am the plaintiff in the above-entitled action, and I have read the above **Time is of the Essence Petition for writ of prohibition**. I am competent to testify to the matters stated herein and I have personal knowledge of the matters stated herein except as to those matters stated upon belief or information and, as to those matters, I believe them to be true. I declare under penalty of perjury under the laws of the State of Nebraska, that the foregoing is true, correct, complete, and not misleading. Executed this 29th day of June, 2022, in Custer County, State of Nebraska.

**Douglas A. Stunkel**
79106 hwy 183
Ansley NE, 68814